The plaintiff alleges: That defendant, O. C. Hunter, executed and delivered to S. V. Stevens Co., his promissory note under seal, dated 1 December, 1921, for $1,184.56, due at 90 days. That he, plaintiff, purchased the said note for value and before maturity and is now the holder of the same in due course. That the same is due and owing plaintiff.
The defendant denies that the plaintiff is the holder in due course, and alleges that he paid to S. V. Stevens Co., to whom he made the note, all or practically all that was due on the note and after the maturity of same. The present action was brought 26 May, 1926.
The plaintiff testified, in part: That the firm of S. V. Stevens Co., was composed of S. V. Stevens and W. H. McElwee, and he purchased the note on 6 December, 1921. It is endorsed S. V. Stevens Co., by W. H. McElwee. That demand was made on defendant the day it was due through the First National Bank of Warsaw. (The Bank of Warsaw forwarded the note to the Jonesboro Bank for collection.) On cross-examination, in part: "had had lots of dealings and transactions with him (McElwee). My first dealings with him were in the latter part of 1918 or 1919. I considered him solvent at that time. I considered him reliable, and I absolutely accepted what he said about it. Since then he has become insolvent, and gone through bankruptcy. He was indebted to me in a large amount at that time. He is now indebted to *Page 419 
me. I have sued him once. He has sued me. I have never been to see Mr. Hunter about this note. I have never written to him about it. I have never notified Mr. Hunter personally about this note. I never saw him before. I have never spoken to him about it. I have never spoken to him in my life. I got the note on 6 December, 1921. This is the summons in the case. Q. McElwee and Stevens brought suit against you in Pender County? (Objection by plaintiff, sustained; defendant excepted.) Witness, if allowed to answer, would have said Yes. Q. I ask you in the suit brought by Stevens 
Company, if you did not file an answer setting up all the indebtedness due you by S. V. Stevens and W. H. McElwee at that time? (Objection by plaintiff, sustained; defendant excepted.) The court ruled that the objection is sustained unless this note is a part of it. The witness, if allowed to answer, would have stated: If the record shows that, I did. If it does not, I didn't. I don't remember about those things. Q. You filed an answer in that case? (Objection by plaintiff, sustained; defendant excepted.) Witness, if allowed to answer, would have said Yes. Q. Look at that paper and see if that is the answer you filed in that case? (Objection by plaintiff, sustained; defendant excepted.) Witness, if allowed to answer, would have said, if I signed it, it is. It is my signature if I signed it."
The defendant, Hunter, testified, in part: That he paid S. V. Stevens and S. V. Stevens Co., in lumber and checks practically the entire debt. He was never notified that the note was transferred to plaintiff and plaintiff made no demand, and the first time he heard of it was when he was sued. That at the time the Bank of Jonesboro had the note at maturity W. J. Middleton's name was not on it. S. V. Stevens corroborated Hunter. He stated that he did not know that McElwee had transferred the note to plaintiff until Hunter told him he was sued.
Defendant introduced complaint and answer in action: "State of North Carolina, Pender County, in the Superior Court, W. H. McElwee and S. V. Stevens, trading and doing business under the firm name and style of Stevens Company, against W. J. Middleton and wife, Hattie Middleton, and First National Bank of Warsaw, N.C. — Complaint." Answer signed by W. J. Middleton was sworn to 24 March, 1923. The defendant's answer, for a further defense and counterclaim, says: "1. That on 6 January, 1921, the plaintiffs, trading as Stevens and Company, made, executed and delivered to the defendant, W. J. Middleton, their two several promissory notes, each endorsed by the said W. H. McElwee and S. V. Stevens, each in the sum of $5,657.48, with interest from date at six per cent per annum, one of said notes due ten months after date, and the other due one year after date, and the said plaintiffs did thereby promise to pay to said W. J. Middleton for value received the sum of eleven thousand three hundred fourteen and 96/100 dollars, *Page 420 
with interest on same from 6 January, 1921, at six per cent. 2. That no part of same was paid, except the following amounts credited on the first note, to wit: 30 March, 1922, $255.77; 15 May, 1922, $800.00; 28 June, 1922, $500.00; 6 October, 1922, $475.00, and both of said notes, subject to said credits, together with interest on same are now due and owing to the said defendant, W. J. Middleton, by the plaintiffs."
The complaint and answer was objected to by plaintiff, the objection sustained and defendant excepted. There are numerous other exceptions in the record not necessary for us to consider. The assignments of error were duly made by defendant.
The issues submitted to the jury and their answers thereto, were as follows:
"1. Is the plaintiff, W. J. Middleton, the owner of the note sued on in due course? Answer: Yes.
"2. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: Face value of note with interest at six per cent from maturity."
We think the court below was in error in excluding the evidence objected to. It was competent to be submitted to the jury on the issue as to whether the plaintiff was the owner of the note sued on in due course.
It is well settled that admissions in pleadings are competent evidence. Even admissions of attorneys of record. Although the admissions are in another action, they are declarations of the party. Morris v. BogueCorporation, 194 N.C. p. 279, and cases cited. The probative force is for the jury. For the reasons given, there must be a
New trial.